UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITALIY KORCHEVSKY<br>1709 Slitting Mill Road<br>Glen Mills, PA 19342<br><br>   Plaintiff,<br><br>   vs.<br><br>GENNADIY KOVALENKO and<br>GALINA KOVALENK and<br>YEVGENTY KOVALKENKO<br>1014 Moonlit Way<br>Folsom, CA 95630<br>and<br>G&V COMPANY INC.<br>3620 Industrial Blvd, Suite #30<br>West Sacramento, CA 95691<br><br>   Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiff Vitaliy Korchevsky by and through its undersigned counsel, Alan L. Frank Law Associates, P.C., herein files a Complaint against Defendants Gennadiy Kovalenko, Galina Kovalenko, Yevgenty Kovalenko and G&V Company Inc., and in support thereof avers as follows:

### PARTIES

1. Plaintiff Vitaliy Korchevsky is an adult individual residing at 1709 Slitting Mill Road, Glen Mills, PA 19342.

2. Defendant Gennadiy Kovalenko is an adult individual residing at 1014 Moonlit Way, Folsom, California 95630.

1

3. Defendant Galina Kovalenko is an adult individual residing at 1014 Moonlit Way, Folsom, California 95630.

4. Defendant Yevgenty Kovalenko is an adult individual residing at 1014 Moonlit Way, Folsom, California 95630.

5. Defendant G&V Company, Inc. is a California corporation with its principal place of business located at 3620 Industrial Blvd., Suite #30, West Sacramento, CA 95691.

## JURISDICTION AND VENUE

6. Jurisdiction over all claims is vested in this Court pursuant to 28 U.S.C. § 1332(a)(1) and §1332( c )(1) in that Plaintiff is an individual and Defendants are individuals and a corporation registered and/or incorporated and/or residing and/or have their principal places of business in different states.

7. Moreover, complete diversity of jurisdiction exists since Plaintiff is a citizen of a state different than all individual Defendants (who reside together) and/or locus of incorporation and principal place of business of the corporate defendant .

8. Venue for this action is properly laid in the United States District Court, Eastern District of Pennsylvania pursuant to 28 U.S.C.§1391(b)(2) in that all or a substantial part of the events giving rise to this claim occurred in that District. Venue for this action is also properly laid in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) and ( c ) in that three of the Defendants are adult individuals and one is a corporation, all subject to jurisdiction in the Commonwealth of Pennsylvania.

9. The amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## BACKGROUND

10. On or about June 25, 2007, the Plaintiff and Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko signed a Promissory Note (hereinafter "Note 1"), a true and correct copy of which is attached hereto, made part hereof, and marked Exhibit "A".

11. On or about June 26, 2007, Plaintiff Vitaliy Korchevsky funded Note #1 by wiring $100,000.00 directly to Defendant G&V Company, Inc. pursuant to the note's terms, a true and correct copy of the wire transfer authorization is attached hereto, made part hereof, ad marked Exhibit "B".

12. On or about July 16, 2007, Plaintiff and Defendants Gennadiy Kovalenko, Galina Kovalenko and Yevgenty Kovalenk signed another Promissory Note (hereinafter "Note 2"), a true and correct copy of which is attached hereto, made part hereof, and marked Exhibit "C".

13. On or about July 17, 2007, Plaintiff Vitaliy Korchevsky funded Note #2 by wiring another $100,000.00 directly to Defendant G&V Company, Inc. pursuant to the note's terms, a true and correct copy of the wire transfer authorization is attached hereto, made part hereof, and marked Exhibit "D".

## COUNT I

### Against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko

### BREACH OF PROMISSORY NOTE

14. All previous averments are referenced and incorporated herein.

15. Despite notice, the Defendants have failed and refused to remit payment pursuant to the terms of the notes even though Note #1 matured on or about January 25, 2008 and Note #2 matured on or about February 16, 2008.

16. Interest on Note #1 is due and unpaid on in the sum of $10,500.00 as of the note's maturity date and continues to accrue at a rate of $49.32 per day since that date.

17. Interest on Note #2 is due and unpaid in the sum of $11,667.00 as of the note's maturity date and continues to accrue at a rate of $54.79 per day since that date.

18. Reasonable costs and attorneys fees have been and continue to be incurred to collect upon the notes.

**WHEREFORE**, the Plaintiff demands judgment in his favor and against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko in the sum of $200,000.00 plus interest, costs and attorneys fees.

## COUNT II

### Against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko

### BREACH OF CONTRACT

19. All previous averments are referenced and incorporated herein.

20. The Defendants have failed and refused to remit payment pursuant to the terms of the Promissory Note Contracts.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko in the sum of $200,000.00 plus interest, costs and attorneys fees.

## COUNT III

### Against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko

### ACCOUNT-STATED LIABILITY

21. All previous averments are referenced and incorporated herein.

22. The Defendants are subject to account-stated liability pursuant to the outstanding amounts due and owing for the Promissory Notes as noticed to them by Plaintiff.

23. The Defendants have failed to complain or reject any portion of the amounts due and in fact have corroborated their indebtedness by remitting a limited number of interest payments against same.

**WHEREFORE**, the Plaintiff demands judgment in his favor and against Defendants Gennadiy Kovalenko, Galina Kovalenko, and Yevgenty Kovalenko in the sum of $200,000.00 plus interest, costs and attorneys fees.

## COUNT IV

### Against Defendant G&V Company, Inc.

### UNJUST ENRICHMENT

24. All previous averments are referenced and incorporated herein.

25. Both promissory notes described herein state, "The Note will be effective once the amount mentioned above will be transferred to and received by G&V Company(account number 06958-09846)."

26. As a result of the foregoing language, Plaintiff wired the loaned funds directly from Plaintiff's bank account to the corporate defendant's bank account.

27. G&V Company, Inc. received and accepted all such wired funds and had actual knowledge of the terms of the loans/ promissory notes.

28. Defendant G&V Company Inc. has failed to return the funds and has failed to remit the interest on the funds.

29. Defendant G&V Company, Inc.'s benefit (i.e., use of Plaintiff's funds) occurred and continues to occur as a direct result of Plaintiff's detriment (loss, and continuing loss, of use of the funds).

30. Defendant G&V Company Inc.'s further use of the funds without repayment and without the payment of interest would be unjust under the circumstances.

**WHEREFORE**, the Plaintiff demands judgment in his favor and against Defendant G&V Company, Inc. in the sum of $200,000.00 plus interest, costs and attorneys fees together with such other sums as is deemed just and proper under the circumstances.

## COUNT V

### Against Defendant G&V Company, Inc.

### PROMISSORY ESTOPPEL and/or QUASI-CONTRACT

31. All previous averments are referenced and incorporated herein.

32. The individual defendants are the officers and/or founders of the corporate defendant, G&V Company, Inc.

33. By signing the promissory notes, the individual defendants promised to personally repay the funds described by the notes.

34. By signing the promissory notes, the individual defendants also, on behalf of the corporate defendant, promised and/or effectively promised that the corporate defendant would be gaining the benefit of and using the funds and therefore would be returning the funds along with the required interest.

35. As a direct result of the promises and implied promises, the Plaintiff wired the loaned funds accordingly, expecting to be repaid.

36. The Plaintiff has not been repaid and injustice can only be avoided by enforcing the promise and/or quasi contract so that both the individual defendants as aforesaid and the corporate defendant are individually and jointly and severally liable to Plaintiff.

37. At all times, it was reasonable for Plaintiff to have relied upon the promises of the individual defendants, on their own and on behalf of G&V Company, Inc., under the circumstances and to have released the funds based upon those promises.

**WHEREFORE**, the Plaintiff demands judgment in his favor and against Defendant G&V Company, Inc. individually and jointly and severally (with the individual defendants pursuant to the foregoing counts) in the sum of $200,000.00 plus interest, costs and attorneys fees together with such other sums as is deemed just and proper under the circumstances.

Respectfully submitted,

ALAN L. FRANK LAW ASSOCIATES, P.C.

BY: _____
ALAN L. FRANK, ESQUIRE

Dated: 8/12/08